UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:25-cv-00418 ADS　　　　　　　　　　　　Date:  July 24, 2025
Title:  *Moises Vallejo v. Ten/10 Apparel, LLC*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

|  Kristee Hopkins  |  None Reported  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Plaintiff(s):　　　　Attorney(s) Present for Defendant(s):
　　　　　None Present　　　　　　　　　　　　　　None Present

**Proceedings:**　　**(IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

　　　On March 5, 2025, Plaintiff Moises Vallejo filed a Complaint and a First Amended Complaint.  (Dkt. Nos. 1, 2.)  The First Amended Complaint asserts Defendant Ten/10 Apparel, LLC violated the Telephone Consumer Protection Act of 1991 by sending unwanted telephone solicitations to Plaintiff and putative class members.  (See generally Dkt. No. 2.)  On June 25, 2025, the Court issued an Order to Show Cause Re: Failure to Prosecute (the "OSC") because Plaintiff had not timely filed a proof of service.  (Dkt. No. 8.)  The Court ordered Plaintiff to file a response to the OSC by no later than July 2, 2025, and specifically warned Plaintiff that failure to respond may result in dismissal.  (Id.)  As of the date of this Order, Plaintiff has not filed a response to the OSC, a proof of service, or otherwise communicated with the Court.

　　　Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days of the filing of the complaint.  A court may dismiss an action if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  When determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:25-cv-00418 ADS                                              Date:  July 24, 2025

Title:  *Moises Vallejo v. Ten/10 Apparel, LLC*

"[C]ourts regularly dismiss cases for failure to timely file a proof of service after a plaintiff fails to respond to an order to show cause regarding dismissal for lack of prosecution."  See, e.g., Gonzales v. Brea's Smog Test Only & Auto Registration, No. 8:24-cv-0290-FWS-KES, 2025 WL 72170, at *2 (C.D. Cal. Jan. 10, 2025) (collecting cases).

      Here, Plaintiff's failure to prosecute this case and failure to comply with the Court's OSC warrants dismissal.  The first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's proof of service and response to the Court's directive.  The third factor—risk of prejudice to Defendant—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").  The fourth factor—the availability of less drastic alternatives—supports dismissal.  Plaintiff has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed.  (Dkt. No. 8.)  No sanction lesser than dismissal would be effective here.  The fifth factor—the public policy favoring disposition of cases on their merits—is outweighed by the factors in favor of dismissal.  Accordingly, this case is dismissed without prejudice.[1]

      **IT IS SO ORDERED.**

                                              Initials of Clerk kh

---

[1] If any Party objects to this Order, they must file an objection by no later than August 7, 2025, at which time this Order will be deemed a Report and Recommendation and forwarded to a District Judge.